IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JENNIFER CULBREATH,[1] | § | |
| | § | No. 240, 2025 |
| Respondent Below, | § | |
| Appellant, | § | Court Below–Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File No. CS22-05660 |
| BENJAMIN CULBREATH, | § | Petition No. 24-17503 |
| | § | |
| Petitioner Below, | § | |
| Appellee. | § | |

Submitted: November 21, 2025
Decided: January 23, 2026

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

After consideration of the parties' briefs and the Family Court record—including the transcript of the May 5, 2025 evidentiary hearing—we find it evident that the judgment below should be affirmed on the basis of and for the reasons cited by the Family Court in its May 16, 2025 order granting the appellee's petition for custody modification. The Family Court correctly applied the facts to the law applicable to the modification of a prior consent custody order.[2] To the extent that

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

[2] *See* 13 *Del. C.* § 729(b) ("An order entered by the [Family] Court by consent of all parties… may be modified at any time by the [Family] Court in accordance with the standards set forth in § 722 of this title."); *id.* § 722 (enumerating the "best interests" factors).

the appellant believes that the appellee has violated the court's May 16 order, her recourse is to file a petition for a rule to show cause in the Family Court in the first instance.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court be affirmed.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice